```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
LEONARD BROCKINGTON,                                             :
                                                                 :
                                Plaintiff,                       :
                                                                 :         22-cv-6666 (LJL)
        -v-                                                      :
                                                                 :         OPINION AND ORDER
DOLLAR GENERAL CORPORATION,                                      :
                                                                 :
                                Defendant.                       :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

In this action, Leonard Brockington ("Plaintiff") seeks to certify a class of New York purchasers who were allegedly deceived by Dollar General Corporation's ("Defendant") labeling of its Honey Graham Crackers product. Before the Court are (1) Plaintiff's motion to certify the class, Dkt. No. 34; (2) Defendant's motion to strike the declarations of Roger Mendez, Andrea Lynn Matthews, Ph.D, and William Ingersoll, Ph.D, Dkt. No. 46; and (3) Defendant's Motion for summary judgment, Dkt. No. 55.

For the reasons that follow, Defendant's motion for summary judgment is granted and the remaining motions are denied as moot.

## BACKGROUND

The following facts are undisputed unless otherwise stated. On the motion for summary judgment, they are construed in favor of Plaintiff as the non-moving party.

Defendant is a discount retailer that sells a Honey Graham Crackers product under the Clover Valley brand (the "Product"). Dkt. No. 63 ¶ 1. Plaintiff is a consumer who regularly purchased the Product. *Id.* ¶ 46.

Typical graham crackers are "flat, rectangular, perforated, sweet, crunchy, browned crackers that are commonly used in desserts like s'mores." *Id.* ¶ 14.[1] The amount of a particular flour is not consistent among graham cracker products. Dkt. No. 63 ¶ 15. Some graham cracker products use enriched flour as their primary flour while others use whole wheat flour as their primary flour. *Id.*

The Product tastes like honey. Dkt. No. 63 ¶¶ 11, 27.[2] It contains more than two percent honey by weight. Dkt. No. 63 ¶¶ 11, 26.[3]

---

[1] Plaintiff purports to dispute this statement, writing that "[t]ypical graham crackers are flat, rectangular, perforated, sweet, crunchy, browned crackers that are commonly used in desserts like s'mores, and that is [sic] a type of cracker made of whole wheat flour and a semisweet cracker, usually rectangular in shape, made chiefly of whole-wheat flour." Plaintiff offers no evidence supporting the dispute other than his own complaint. *Id.* (citing Dkt. No. 1 ¶ 16). However, the complaint "is not evidence with which a party can oppose a motion for summary judgment." *Henek v. CSC Holdings, LLC*, 449 F. Supp. 3d 35, 38 n.2 (E.D.N.Y. 2020) (collecting cases). The Court accordingly considers Defendant's statement regarding "typical graham crackers" to be admitted. *See Shortt v. Congregation KTI*, 2013 WL 142010, at *1 n.2 (S.D.N.Y. Jan. 9, 2013) ("[I]n analyzing the instant motion, the Court has disregarded averments in Plaintiff's 56.1 Response that are not denials of the specific facts asserted by Defendant, not supported by citations to admissible evidence in the record, contradicted by other admissible evidence in the record, or that are improper legal arguments.").

[2] Although Plaintiff claims to dispute whether the Product tastes like honey, Plaintiff merely cites the complaint's allegation that "[h]oney is an ingredient in the Product that provides 'significant amounts of nutrients such as vitamins, minerals, enzymes, phytonutrients and antioxidants.'" *Id.* (quoting Dkt. No. 1 ¶ 46). Such citation to the complaint does not constitute evidence for the purpose of resisting summary judgment. *See P.C.R. v. Fla. Union Free Sch. Dist.*, 2022 WL 337072, at *21 (S.D.N.Y. Feb. 4, 2022). Regardless, that allegation in no way contradicts the statement that the Product tastes like honey. The Court therefore accepts as an undisputed fact that the Product tastes like honey.

[3] Plaintiff states that this statement is disputed but supports that purported dispute only by citing the complaint's allegation that "the amount of honey is slightly above 2%, which is consistent with its placement ahead of 'Contains 2% or Less Of:' on the ingredient list." *Id.* (quoting Dkt. No. 1 ¶ 50). Not only are the complaint's allegations insufficient to show a genuine issue of material fact, *see Vucinaj v. N.Y.C. Police Dep't*, 2020 WL 4677597, at *7 (S.D.N.Y. Aug. 12, 2020), the cited allegation does not actually contradict Defendant's statement. The parties are therefore in agreement that the Product has more than two percent honey by weight.

Between July 2019 and the present, Defendant used two versions of the Product label. Dkt. No. 63 ¶ 2. The first version of the Product label contains the words "honey," "graham crackers," "contains 8g of whole grain per serving," and "made with real honey." Dkt. No. 56-4; Dkt. No. 63 ¶¶ 3–4. The first version also contained an image of a dripping honey dipper, and an image of graham crackers. Dkt. No. 56-4; Dkt. No. 63 ¶ 3. The first version of the Product label was replaced by the second version in approximately July 2020. Dkt. No. 63 ¶ 2. The second label is nearly identical to the first, but it does not contain the statement "made with real honey." *Id.* ¶¶ 3–4; Dkt. Nos. 56-4, 56-5. The second version of the Product label is still in use. Both labels display the same ingredient lists and the Product formulation has not changed at any time relevant to this lawsuit. Dkt. No. 63 ¶ 4.

Plaintiff claims that various representations on the front labels of the Product "give[] consumers the impression the Product contains whole grain graham flour and honey as its primary grain and sweetening ingredient instead of enriched flour and sugar." *Id.* ¶¶ 5–6, 10; Dkt. No. 1 ¶¶ 3, 15.

**PROCEDURAL HISTORY**

This action was initiated by complaint filed on August 5, 2022. Dkt. No. 1. The complaint alleges violations of the New York General Business Law ("GBL") §§ 349 and 350; violations of the consumer fraud statutes of Alaska, Georgia, Maine, and Utah; breaches of the express warranty and the implied warranty of merchantability; violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*; and common-law claims of fraud and unjust enrichment. *Id.* On December 12, 2022, Defendant moved to dismiss the complaint. Dkt. No. 15. On September 28, 2023, the Court dismissed Plaintiff's common-law claims for breach of warranty, fraud, and unjust enrichment. Dkt. No. 20; *Brockington v. Dollar Gen. Corp.*, 695 F. Supp. 3d 487, 510–16 (S.D.N.Y. 2023). The Court also dismissed Plaintiff's claims under the laws of Alaska, Maine,

3

Utah, and Georgia. *Brockington*, 695 F. Supp. 3d at 516–17. The Court denied Defendant's motion to dismiss Plaintiff' GBL §§ 349 and 350 claims. *Id.* at 503–10. Defendant filed an answer on October 12, 2023. Dkt. No. 22.

On May 20, 2024, Plaintiff moved to certify a class of "all persons who purchased crackers purporting to be made predominantly with whole grain graham flour and sweetened primarily with honey . . . sold by Dollar General Corporation . . . under its Clover Valley brand in New York, during the statutes of limitations." Dkt. No. 34. In support of certification, Plaintiff filed a memorandum of law and four declarations: (1) a declaration of Spencer Sheehan, Plaintiff's attorney, attaching a transcript of Plaintiff's deposition dated March 27, 2024; (2) a declaration by Andrea Lynn Matthews, Ph.D., describing a consumer survey she intended to create regarding the product and packaging at issue; (3) a declaration by William Ingersoll, Ph.D, describing a proposed methodology for measuring a price premium regarding the product and packaging at issue; and (4) a declaration by Roger Mendez describing a consumer survey he conducted regarding the product at issue, and attaching a report of that survey. Dkt. Nos. 35–39. On July 1, 2024, Defendant filed a memorandum of law and two declarations in opposition to the motion for class certification. Dkt. Nos. 43–45. On July 8, 2024, Defendant filed a notice of supplemental authority in further opposition to class certification, attaching Judge Presnell's opinion in *Durant v. Big Lots, Inc.*, 2024 WL 3321879 (M.D. Fla. July 3, 2024). Dkt. No. 50. On July 8, 2024, Plaintiff filed a reply memorandum of law in further support of its motion to certify the class. Dkt. No. 51.

On July 1, 2024, Defendant filed a motion to strike the declarations of Dr. Ingersoll, Dr. Matthews, and Mr. Mendez. Dkt. No. 46. Defendant filed a memorandum of law and a declaration in support of the motion to strike. Dkt. Nos. 47–48. On July 15, 2024, Plaintiff filed

4

a memorandum of law and a second declaration by Dr. Matthews in opposition to the motion to strike. Dkt. Nos. 53–54. On July 22, 2024, Defendant filed a reply memorandum of law in further support of the motion to strike the declarations, including Dr. Matthews' second declaration. Dkt. No. 58.

Defendant moved for summary judgment on July 17, 2024. Dkt. No. 55. Defendant filed a memorandum of law in support of the motion as well as a Local Rule 56.1 statement. Dkt. Nos. 56–57. Plaintiff filed a memorandum of law and two declarations in opposition to the motion for summary judgment as well as a response to the Local Rule 56.1 statement. Dkt. Nos. 59–62. On August 7, 2024, Defendant filed a reply memorandum of law in further support of its motion for summary judgment as well as a reply to Plaintiff's response to the Local Rule 56.1 statement. Dkt. Nos. 63–64. On January 14, 2025, Defendant filed a notice of supplemental authority in further support of its motion for summary judgment, attaching the Second Circuit's summary order in *Bates v. Abbott Laboratories*, 2025 WL 65668 (2d Cir. Jan. 10, 2025) (summary order). Dkt. No. 65.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In determining whether there are any genuine issues of material fact, the Court must view all facts

"in the light most favorable to the non-moving party," *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008), and the movant bears the burden of demonstrating that "no genuine issue of material fact exists," *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted).

If the movant meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Rather, to survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). To defeat a motion for summary judgment, the non-moving party must demonstrate more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citation omitted). "Mere conjecture or surmise by the nonmovant in support of his or her case is inadequate." *Am. Home Assurance Co. v. Jamaica*, 418 F. Supp. 2d 537, 546 (S.D.N.Y. 2006).

Local Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York prescribes the manner and method in which a party is to present undisputed issues of fact to the Court. The moving party must annex to its notice of motion "a separate, short and concise statement, in numbered paragraphs, of the material facts as

to which the moving party contends there is no genuine issue to be tried." Local Rule 56.1(a). The party opposing the motion for summary judgment is required to "include a correspondingly numbered paragraph admitting or denying, and otherwise responding to, each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Rule 56.1(b). The statements "must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." Local Rule 56.1(d). The consequences of failure to follow these rules can be severe. "Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Rule 56.1(c).

Thus, a Local Rule 56.1 statement "is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001). If portions of a Local Rule 56.1 counterstatement cite to no admissible evidence in support of its denials, the Court is instructed to disregard those portions and deem the factual statements in the original Local Rule 56.1 statements admitted. *See, e.g.*, *Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 974 F. Supp. 2d 240, 243 (S.D.N.Y. 2013) (holding that denials that are not supported by citations to admissible record evidence are to be disregarded). When the non-moving party in certain instances fails to cite to any record evidence for its denials, the Court accepts the moving party's recitation of those facts in its Local Rule 56.1 statement as undisputed. *See Colton v. N.Y. Div. of State Pol.*, 2017 WL 5508911, at *2 (N.D.N.Y. Feb. 8, 2017) ("The failure to properly controvert a supported statement of fact by pointing to admissible evidence contravening

the movant's evidence results in the movant's statement being deemed admitted."); *Knight v. N.Y.C.H.A.*, 2007 WL 313435, at *1 (S.D.N.Y. Feb. 2, 2007) ("Pursuant to Local Civil Rule 56.1 Defendant's statements are deemed to be admitted where Plaintiff has failed to specifically controvert them with citations to the record.").

## DISCUSSION

### I. Summary Judgment

Defendant argues that summary judgment is warranted because Plaintiff's claims are preempted and because a reasonable jury could not find that: (1) the challenged statements are likely to mislead reasonable consumers, (2) the challenged statements are material to reasonable consumers, or (3) Plaintiff suffered a cognizable injury. Dkt. No. 56 at 15–35; Dkt. No. 64 at 3–19.

NYGBL §§ 349 and 350 prohibit "[d]eceptive acts or practices" and "[f]alse advertising" in "the conduct of any business, trade, or commerce." N.Y. Gen. Bus. Law §§ 349, 350. "To successfully assert a claim under either section, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 967 N.E.2d 675, 675 (N.Y. 2012)); *see also Goshen v. Mut. Life Ins. Co. of N.Y.*, 774 N.E.2d 1190, 1195 n.1 (N.Y. 2002) ("The standard for recovery under [NYGBL] § 350, while specific to false advertising, is otherwise identical to section 349."). Defendant contends that summary judgment is warranted, among other reasons, because Plaintiff cannot prove the third element of his NYGBL §§ 349 and 350 claims—that he suffered an injury as a result of Defendant's alleged mislabeling of the Product. Dkt. No. 56 at 31–35.

To recover under NYGBL §§ 349 and 350, "a plaintiff must prove 'actual' injury . . ., though not necessarily pecuniary harm." *Stutman v. Chem. Bank*, 731 N.E.2d 608, 612 (N.Y. 2000). "A plaintiff suffers actual injury if, 'on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase.'" *Colpitts v. Blue Diamond Growers*, 2023 WL 2752161, at *4 (S.D.N.Y. Mar. 31, 2023) (quoting *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 350 (S.D.N.Y. 2020)).

A plaintiff may demonstrate injury and causation for purposes of Sections 349 and 350 in at least one of two ways: (1) he can show that he paid a premium as a result of the deception—i.e., he paid a higher price for a product than he otherwise would have paid because the defendant's deceptive conduct artificially inflated the market price; and/or (2) he can show that he was exposed to a material deceptive act and relied on that misrepresented fact to his detriment. *See Kelly v. Beliv LLC*, 2024 WL 1076217, at *9 (S.D.N.Y. Mar. 12, 2024); *Brockington*, 695 F. Supp. 3d at 509; *Colpitts*, 2023 WL 2752161, at *4.[4] Plaintiff claims injury under both theories. Dkt. No. 1 ¶¶ 60–61, 103–104 (alleging that "Plaintiff paid more for the Product based on the representations, and had he known the truth, he would not have bought it or would have paid less"); Dkt. No. 62 at 11–15. However, there is no evidence in the record supporting his claimed injuries.

---

[4] Plaintiff notes that GBL §§ 349 and 350 provide for statutory damages and argues that he therefore does not need to prove actual damages or a price premium "with a specified degree of certitude." Dkt. No. 62 at 12 (quoting *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 550 (E.D.N.Y. 2017)). However, as this Court has previously noted, "'the question of remedies is distinct from the question of liability,' and Sections 349 and 350 both require that a plaintiff establish that he suffered an injury before he can obtain damages, statutory or actual." *Kelly*, 2024 WL 1076217, at *11 n.11 (quoting *Colpitts*, 2023 WL 2752161, at *3) (citing *Ackerman v. Coca-Cola Co.*, 2013 WL 7044866, at *20 n.32 (E.D.N.Y. July 18, 2013); *Pagan v. Abbot Lab'ys, Inc.*, 287 F.R.D. 139, 149 (E.D.N.Y. 2012); N.Y. Gen. Bus. Law § 349(h); N.Y. Gen. Bus. Law § 350-e).

First, Plaintiff offers no evidence to support his claim that he paid a price premium for the Product, and his deposition testimony is inconsistent with that claim. At his deposition, Plaintiff testified that he purchased the Product from Defendant because Defendant's products are cheaper than competitors' and that he does not know of any other brand of graham crackers with a lower price for approximately the same amount of crackers. Dkt. No. 35-2 at 205–06; Dkt. No. 63 ¶¶ 49–50.

Even outside of his deposition, Plaintiff has not offered evidence of any comparator that might indicate the existence of a price premium. Although such evidence is not required to substantiate price premium claims, its absence is noteworthy. *See Segovia v. Vitamin Shoppe, Inc.*, 2017 WL 6398747, at *4 (S.D.N.Y. Dec. 12, 2017) (granting summary judgment in favor of defendant where "Plaintiff did not provide the prices of competing products for comparison"); *Weiner v. Snapple Beverage Corp.*, 2011 WL 196930, at *3 (S.D.N.Y. Jan. 21, 2011) (granting summary judgment in favor of defendant where "the plaintiffs have offered no evidence of the prices of competing or comparable beverages that did not contain the alleged mislabeling, much less the prices of such beverages at locations and periods of time that approximate those at which the two plaintiffs purchased Snapple").

Defendant submitted evidence that it consistently advertised and sold Clover Valley Honey Graham Crackers and Cinnamon Graham Crackers for the same price as one another during the putative class period, thereby indicating consumers did not pay more as a result of the "honey" representation. Dkt. No. 56-3 ¶¶ 25–26; Dkt. Nos. 56-11, 56-12, 56-13, 56-14, 56-15; *see Colpitts*, 2023 WL 2752161, at *4 (noting that where the evidence shows that the defendant "charges the same wholesale and retail price for them as for other flavors of the Snack Almonds," "the only relevant evidence in the record suggests that the Smokehouse Almonds do not command a price

10

premium"); *Passman v. Peloton Interactive, Inc.*, 671 F. Supp. 3d 417, 457 (S.D.N.Y. 2023) (noting that the defendant "has presented evidence that there could not have been a price premium as a result of the [c]hallenged [s]tatement" where the price of the relevant products remained constant and did not increase after the challenged statement was made nor decrease after the challenged statement were removed from the defendant's website); *Housey v. Procter & Gamble Co.*, 2022 WL 874731, at *8 (S.D.N.Y. Mar. 24, 2022) (holding that the plaintiff's price premium argument fails because "each of the variations or 'flavors' of the 3D White toothpaste that plaintiff bought were sold at the same price"), *aff'd sub nom. Housey v. Proctor & Gamble Co.*, 2022 WL 17844403 (2d Cir. Dec. 22, 2022).

Plaintiff tellingly argues not that he *has* shown injury but that he *can* show injury. Dkt. No. 62 at 11–15. Plaintiff argues that Dr. Ingersoll's declaration "identified 'conjoint analysis' and 'hedonic pricing' as tools capable of measuring the value of the 'Honey Graham Crackers,' 'Made with Real Honey,' 'Contains 8g of whole grain per serving,' and dripping honey dipper, as a part of the Product's total retail price." *Id.* at 13 (citing Dkt. No. 37 ¶¶ 15–40). But it is undisputed that Dr. Ingersoll merely described an analysis he *could* perform, not one that he had actually performed. Dkt. No. 63 ¶¶ 74–76 (quoting Dkt. No. 45-8 at 18–19, 22–24, 29–30, 37); Dkt. No. 37.[5] Dr. Ingersoll's declaration and testimony make clear that at the time of declaration and deposition, he had not even acquired the necessary data set or finalized his methodology. Dkt. No. 37 ¶¶ 23, 27–28, 39; Dkt. No. 45-8 at 22–24, 30–31, 37; Dkt. No. 63 ¶ 76.[6] Dr. Ingersoll's

---

[5] Defendant seeks to strike Dr. Ingersoll's declaration in its entirety. Dkt. No. 46. However, the Court not need to decide whether any portion of Dr. Ingersoll's declaration is admissible because even if the Court admitted the entire declaration in its present form, the declaration would not lend support to Plaintiff's claim that he paid a price premium for the Product. *See Kelly*, 2024 WL 1076217, at *10 n.9.

[6] Plaintiff purports to dispute this fact, arguing that "Dr. Ingersoll had 'outlined the design' which is sufficient for such proposals." Dkt. No. 61 ¶ 76 (quoting Dkt. No. 45-8). However,

declaration provides no insight into whether a price premium exists—only whether there exist tools capable of providing an answer that question. Dkt. No. 63 ¶ 77. "[A] proposal to identify evidence at some yet-to-be-determined date is not sufficient to survive summary judgment when Plaintiff is required to come forward with admissible evidence to raise a genuine issue of fact for trial." *Kelly*, 2024 WL 1076217, at *10; *see Segovia*, 2017 WL 6398747, at *4 ("[A] party 'cannot overcome summary judgment by relying on mere speculation or conjecture as to the true nature of the facts because conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist.'" (quoting *Miller v. City of New York*, 700 Fed. App'x 57, 58 (2d Cir. 2017) (summary order)).[7] Dr. Ingersoll's declaration therefore does not support Plaintiff's injury claims.[8]

Second, Plaintiff does not adduce any evidence that he relied on Defendant's alleged misrepresentations to his detriment. "[M]erely purchasing a mislabeled product is not an injury . . . absent further proof that the purchase in some way injured the plaintiff." *Colpitts*, 2023 WL

---

Dr. Ingersoll's cited testimony on that point only further confirms that he had not finalized the design of the survey he could run to identify a price premium. Dkt. No. 45-8 at 23 ("So I've outlined the design here. The specifics of, say, what the levels would be have not been exactly hammered down."). As Dr. Ingersoll explained, he could not "hammer down" the specifics until he obtained data he did not yet have and conducted market research he had not yet conducted. Dkt. No. 37 ¶¶ 23, 27–28, 39; Dkt. No. 45-8 at 22–24, 30–31, 37.

[7] Plaintiff also argues that "the Ingersoll Declaration will rely on the proposed studies of consumer deception and materiality established through the Matthews Report, to calculate a price premium, which is a viable damages model using common, class-wide evidence." Dkt. No. 62 at 14 (citing Dkt. No. 36). However, a declaration is not a dynamic document capable of future actions such as relying on another declaration or performing calculations. What Plaintiff instead seems to be proposing is that at some future point, Dr. Matthews will conduct studies of consumer deception and materiality presently only proposed in her declaration, following which Dr. Ingersoll will rely on those studies to determine whether a price premium exists. Dkt. No. 62 at 14; Dkt. No. 36. As stated, that proposed course of future action fails to establish injury. *See Kelly*, 2024 WL 1076217, at *10; *Segovia*, 2017 WL 6398747, at *4.

[8] Plaintiff does not otherwise argue that Dr. Matthews' declarations or Mr. Mendez' declaration support his claims of injury. Dkt. No. 62. The Court therefore does not need to address Defendant's motion to strike those declarations. Dkt. No. 46.

12

2752161, at *4 n.3 (citing *Small v. Lorillard Tobacco Co. Inc.*, 720 N.E.2d 892, 898 (N.Y. 1999)). "To establish injury on an actual reliance/benefit of the bargain basis, the plaintiff must also show that she 'did not receive the full value of her purchase.'" *Kelly*, 2024 WL 1076217, at *10 (quoting *Duran*, 450 F. Supp. 3d at 350).

Plaintiff argues in his memorandum of law that his allegations that he overpaid for the Product satisfy the injury prongs of GBL §§ 349 and 350. Dkt. No. 62 at 13; *see also* Dkt. No. 1 ¶ 60 (the complaint alleges that had Plaintiff known the truth about the Product he either "would not have bought it or would have paid less"). Plaintiff is incorrect; such unevidenced allegations do not suffice to show a dispute of material fact. "[A] plaintiff must present more than allegations that are 'conclusory and unsupported by evidence of any weight' if she is to withstand summary judgment." *Enechi v. City of New York*, 2023 WL 6293941, at *7 (S.D.N.Y. Sept. 27, 2023) (quoting *Smith v. Am. Exp. Co.*, 853 F.2d 151, 155 (2d Cir. 1988)); *Newton v. Whole Foods Mkt.*, 2022 WL 4619111, at *3 (S.D.N.Y. Sept. 30, 2022) ("[W]hen confronted with evidence of facts that would support judgment in the defendant's favor as a matter of law, the plaintiff must come forward with evidence in admissible form that is capable of refuting those facts." (citation omitted)). Plaintiff does not adduce evidence substantiating his allegations of injury.

Plaintiff testified at his deposition that he does not believe that the Product was worth less than what he paid for it, even knowing what he now knows about the Product's ingredients. Dkt. No. 35-2 at 202–03; Dkt. No. 63 ¶ 51. Plaintiff therefore fails to show that he "did not receive the full value of [his] purchase." *Duran*, 450 F. Supp. 3d at 350 (citation omitted); *see Segovia*, 2017 WL 6398747, at *4 (granting summary judgment in favor of the defendant where the plaintiff did not "testify at any point in his deposition that but for Defendant's lactase-specific claims, he would have been unwilling to pay Defendant's price").

13

At his deposition, Plaintiff alluded to the notion that Defendant's alleged deception could have physically, rather than monetarily, injured consumers. Dkt. No. 35-2 at 202 (testifying that the Product was "[n]ot worth less as far as money, no" but "[h]ealth-wise, yes, it's less because it can be damaging folks"). However, he testified that he himself had not experienced any physical injury as a result of consuming the Product. *Id.* at 200–01. Plaintiff also does not raise this theory of physical injury in his memorandum of law in opposition to summary judgment. Dkt. No. 62.

Ultimately, Plaintiff fails to offer any evidence that he suffered any injury as a result of Defendant's alleged misrepresentations, a necessary element of his only remaining claims pursuant to GBL §§ 349 and 350. *See Orlander*, 802 F.3d at 300; *Goshen*, 774 N.E.2d at 1195 n.1. Therefore, because no reasonable jury could return a verdict in Plaintiff's favor, Defendant is entitled to summary judgment. *See Kelly*, 2024 WL 1076217, at *11; *Colpitts* 2023 WL 2752161, at *5.

## II.     Remaining Motions

Plaintiff's motion for class certification is denied as moot because Defendant's motion for summary judgment with respect to Plaintiff's only remaining claims for violations of GBL §§ 349 and 350 is granted. *See Kelly*, 2024 WL 1076217, at *12; *Colangelo v. Champion Petfoods USA, Inc.*, 2022 WL 991518, at *27 (N.D.N.Y. Mar. 31, 2022), *aff'd sub nom. Paradowski v. Champion Petfoods USA, Inc.*, 2023 WL 3829559 (2d Cir. June 6, 2023).

Defendant's motion to strike the declarations of Dr. Ingersoll, Dr. Matthews, and Mr. Mendez is denied as moot.

## CONCLUSION

Defendant's motion for summary judgment is GRANTED.

Plaintiff's motion for class certification is DENIED as moot.

Defendant's motion to strike is DENIED as moot.

The Clerk of Court is respectfully directed to terminate all pending hearings and deadlines and to close this case.

SO ORDERED.

Dated: February 13, 2025
      New York, New York

                                            LEWIS J. LIMAN
                                    United States District Judge